[No. 15348.   Department One.   July 29, 1919.]

GALLAND BROTHERS, *Appellant,* v. OSMER C. RUNDEL,
*Intervener and Respondent,* COOK REALTY
COMPANY *et al., Defendants.*[1]

CORPORATIONS (66)—STOCK—TRANSFER—RIGHTS OF CREDITORS. An
assignment of stock was shown to be as collateral security for a
loan and not a sale, and the stock therefore available to creditors of
the assignor, where it was made under financial stress to a friend
in consideration of advances, and was antedated for the purpose of
frustrating creditors, and was not presented to the corporation and
the assignor was permitted to vote it as the owner.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered March 27, 1919,
upon findings in favor of the intervener, in garnish-
ment proceedings, tried to the court.   Reversed.

*Samuel R. Stern,* for appellant.

*D. W. Henley,* for respondent.

MACKINTOSH, J.—The plaintiff, having a judgment
against the defendant Cook, sued out a writ of garnish-
ment against the Colville Valley Coal Company for the
purpose of having applied to the satisfaction of its
judgment stock in that company which the plaintiff
claimed was owned by the defendant Cook.   Upon the
answer of the garnishee being made and a reply there-
to filed, one Rundel appeared in the action by way of a
complaint in intervention, setting out the fact that he
was the owner of the capital stock of the garnishee de-
fendant of which plaintiff had asserted ownership to
be in the defendant Cook.   From a judgment in favor
of the intervener, the plaintiff has appealed.   A plain
and concise statement of the facts as we find them
established by the record in this case makes it unneces-

[1]Reported in 182 Pac. 933.

sary to discuss the few questions of law argued by the parties in their briefs.

On April 15, 1918, Rundel, who was an acquaintance and friend of Cook, at the latter's solicitation, loaned $100 as a partial advance of $1,000 which he agreed to make to Cook for the purpose of assisting Cook in the financing of his interest in a coal project. It was understood between Cook and Rundel that this coal project was ultimately to be incorporated by the parties interested, and this understanding was finally consummated by the creation, in August, of the Colville Valley Coal Company, the garnishee defendant herein. On April 15, Rundel took an assignment of all of Cook's interest in the coal project as collateral security for the advances to be made to Cook. These advances amounted to $310, evidenced by notes due July 30 and September 1, until in the latter part of May or early in June, Cook, being desirous of raising an additional $500, applied to Rundel for that sum, which ·Rundel advanced after having gone to the property and examined it. Thereafter, in the latter part of June or the first of July, Rundel, for the first time learning that Cook's financial craft was in the breakers, and that judgments in various amounts already were on record against Cook, procured an assignment from Cook of all his interest in the mining project and of his shares of stock in the company to be formed. This assignment was antedated to show its execution as of April 19. This assignment, upon its receipt by Rundel, was placed among Rundel's papers in Cook's safe in Cook's office, and was never presented to the Colville Valley Coal Company, which was organized on July 19, until after the writ of garnishment had been served in this action. Upon the formation of the company, Cook was entitled to several thousand shares of its capital stock, and Cook presented to the company a list of his credi-

tors to whom stock was to be assigned, and a memorandum showing the distribution of his shares in the corporation. This was dated August 7, and by its terms provided for the issuance to Rundel of 12,000 shares and to himself of 42,500 shares. Under the directions contained therein, the garnishee defendant issued a certificate for 12,000 shares to Rundel, and issued to the other creditors of Cook, who were named in the memorandum, the certificates called for, and a certificate for the balance of 42,500 shares was issued to Cook. Meetings of the stockholders and trustees of the garnishee defendant were held at various times after August 7, at which meetings Cook appeared and took part, representing himself to be the owner of the 42,500 shares. He entered into agreements pooling the stock, voted the shares at different meetings, and at no time did he or Rundel make known the fact, or claim the fact to be, that the 42,500 shares of stock were to be the property of Rundel.

It will be observed that the $1,000 which Rundel was to advance has, as a matter of fact, never been advanced; that the instrument which he claims transferred to him all of Cook's interest was antedated, and was issued at a time when Rundel knew that Cook was being hard pressed by his creditors, and yet Rundel allowed Cook to have the stock issued in his own name and to use and vote it as he pleased, and never presented the assignment to the corporation, but was content to receive the certificate for 12,000 shares for which he, at the time of its receipt, cancelled the $310 indebtedness and surrendered the notes, though at the time not yet due. The original assignment provided that Rundel might have the privilege of taking at least 10,000 shares to be applied upon the debt, and that the balance of Cook's interest in the coal project was to be held by Rundel only as security.

As we read these assignments and the testimony of the witnesses, it is clear to us that, for the $310 advanced, Rundel was to receive and did receive, 12,000 shares of stock in full payment, and that, for the further advance of $500, the 42,500 shares of stock were to be used as collateral security, although, for the purpose of frustrating other creditors, this understanding was, and is, misnamed an assignment and sale. Incidentally, it appears in the record that the 12,000 shares of stock have already more than compensated Rundel for his participation in the venture.

The plaintiff is entitled to a judgment showing that Cook is the owner of 42,500 shares of stock in the garnishee defendant, subject to the interest of Rundel represented by his loan of $500. The cause is remanded for such further steps in conformity with this opinion as are necessary.

HOLCOMB, C. J., MITCHELL, and MAIN, JJ., concur.